# Bergner *versus* Thompson.

Thompson being embarrassed, through his attorney-at-law and a friend negotiated with Bergner, who was a creditor, in relation to the sale of a hotel. There was evidence that the attorney and friend offered it to Bergner for $13,000, and he accepted the offer, the conveyance was made by Thompson to a railroad company, who paid $13,000 to discharge his debts and $7000 to Bergner. In a suit to recover the amount in Bergner's hands after deducting what was due him, the question was whether there was a sale to Bergner. The court charged that there was no authority in these alleged agents to sell, and their act was not ratified, as Thompson refused to make the deed to Bergner, but made it to the company. There was nothing in the evidence to permit Bergner to hold the $7000: "his right is to compensation, not to take the property or purchase-money." *Held* to be error as a binding instruction, the whole was for the jury.

[Bergner v. Thompson.]

May 23d 1873.   Before READ, C. J., AGNEW, SHARSWOOD, WILLIAMS and MERCUR, JJ.

Error to the Court of Common Pleas of *Dauphin county* : No. 19, to May Term 1873.

This was an action of assumpsit .brought February 24th 1870, by William G. Thompson against George Bergner.

The plaintiff was the owner of the State Capital Hotel, and also of the City Hotel, in the city of Harrisburg.   Being much embarrassed, he entered into a negotiation with the defendant for the sale of the City Hotel.   A sale was consummated to the Pennsylvania Railroad Campany, and $7000 of the purchase-money received by the defendant.   The plaintiff alleged that the defendant was his agent, that the proceeds were to be applied to the payment of his debts, and that after their payment, there remained a balance belonging to plaintiff in the defendant's hands, to recover which this suit was brought.

The case was tried March 21st 1872, before Pearson, P. J.

The plaintiff gave in evidence the records of two judgments against him in favor of the defendant—one for $3000, entered in 1868, and the other for $4000, entered in 1869; also a payment to defendant of $1538.46, May 8th 1869, and of $1000, August 26th 1869; also a payment of $7000 to the attorney of Bergner from the Pennsylvania Railroad Company, for which a receipt was entered on the record of the judgments; there was evidence also of other payments.

The defendant, amongst other things, testified that he had a book account of $682.96 against the plaintiff, and that there were other accounts between them, and on a settlement of these accounts there was a balance of $818.35 due to Thompson, which was credited on the $3000 judgment; he afterwards credited the $1000 to plaintiff, and then issued execution to make himself secure; there was no more paid.

A. J. Herr, Esq., testified that he was the attorney-at-law of plaintiff; Kirk Haines came as Thompson's friend and they went to see defendant; " Haines proposed to have this settled; said to Bergner we will give you $13,000 for the City Hotel property, and burn the books.   Bergner agreed to it.   Thompson said he would make the deed to the Pennsylvania Railroad Company, not to Bergner."

The defendant testified: " To save additional expense, Thompson agreed to make a deed to the company for $20,000.   I agreed to give them the title for $20,000; I agreed to give $13,000, cancel all claims, and burn the books.   I effected the sale at $20,000.   I had no further trouble. * * * I received my $7000 from the Pennsylvania Railroad Company; the rest went to Thompson's creditors.   The judgments were satisfied and books credited in full.   The $20,000 never went to Thompson."

[Bergner *v.* Thompson.]

Kirk Haines testified: "Thompson said he was in trouble; Bergner had issued execution against him; said wished me to help to get this fixed up; had several persons negotiating with Pennsylvania Railroad Company; sheriff came; Herr spoke of arrangements through Bergner; could not sell at $24,000; came down to $20,00; we went to Bergner's; we had fixed on $20,000; Thompson said Bergner had $7000 against him; that was to come off the $20,000; to pay $20,000; $7000 to come off; the sum to be paid was $20,000; $7000 to come off to pay the judgments; I don't recollect burning the books being spoken of."

The plaintiff testified: "I never sold the property to Bergner for $20,000; the draft to Bergner was to pay his judgments; the $13,000 was applied to other judgments."

There was in evidence deed of January 10th 1870, plaintiff to Pennsylvania Railroad Company, for City Hotel; consideration $20,000.

There was other evidence stated in the opinion of Judge Mercur.

Judge Pearson, after stating the facts, charged:—

"It is contended here that this over-payment arose out of the sale of the property to the railroad company, and that Bergner was to have, in discharge of his debt, all that the property would sell for above $13,000; that sum was paid to Thompson, and the residue of $7000 to Bergner. The latter claims that he bought the tavern-stand for $20,000, sold to him by Messrs. Herr and Haines as agents of Thompson; the one was an attorney at law, and as such had no power to sell; the other was an agent by parol, and from his statement it is by no means certain what he meant or intended. Thompson and wife refused to make the deed to Bergner, but made it directly to the company. The judgments of Bergner were paid off out of this purchase-money, without his having given credit for the previous payment, and this suit is brought to recover that money, received, but never credited. The $7000 were not paid to Thompson, but to Detweiler, Bergner's attorney, and by him applied on the judgment still standing open, without having entered on them the previous payments. In that way they were overpaid. [The attorney for the defendant contends that, as there was no mistake, this money cannot be recovered back. We think otherwise. The action of assumpsit is a most liberal and equitable one; will lie whenever one man has received money which, in equity and good conscience, belongs to another. This over-payment was not made under any decree or order of court; was not collected by execution, but came into the hands of the plaintiff's attorney in the judgment through the purchaser of the house and lot, and was applied by him. Thus Bergner has received the money twice, and cannot retain it with a good con-

[Bergner *v.* Thompson.]

science. This is the proper form of action in which to recover it back.] It is said that Bergner was at trouble and expense in effecting the sale of the property to the railroad company, which was doubtless the case, and for which he should be liberally paid. Make him a full and fair allowance in settling the claim, and find your verdict for the balance, if anything, which he was overpaid on the judgments."

The counsel here inquired of the court whether Bergner could claim the property on the arrangement with Herr and Haines, or the money received of the railroad company above $13,000, and asked the court to charge the jury on that point, to which the court answered that

" [He certainly could not claim the property; there was no legal authority in these alleged agents to sell it to him, and we cannot look on the contract as ratified by Thompson, as he refused to execute the deed to him, but made it to the company. To say that the right to the purchase-money would pass, is the same in law and substance as to give the estate; therefore we could see nothing in the evidence which would permit Bergner to hold the money above the $13,000. His right is to compensation, not to take the property or purchase-money.] "

The verdict was for the plaintiff for $1663.46.

The defendant sued out a writ of error :—he assigned for error the parts of the charge in brackets.

*D. Mumma* (with whom were *J. S. Detweiler*, and *R. A. Lamberton*), for plaintiff in error.—Whenever a party may in good faith receive money although he could not have recovered it, it cannot be recovered again : Espy *v.* Allison, 9 Watts 462 ; Carson *v.* McFarland, 2 Rawle 118 ; Hinkle *v.* Eichelberger, 2 Barr 484 ; Bilbie *v.* Lumley, 2 East 469 ; Mowatt *v.* Wright, 1 Wend. 390 ; Lackey *v.* Mercer Co., 9 Barr 319; Edgar *v.* Shields, 1 Grant 363 ; Colwell *v.* Peden, 3 Watts 328.

The questions whether the transaction was a sale to Bergner ; or whether Thompson ratified what was done, should have been left to the jury.

*J. C. McAlarney,* for defendant in error.

The opinion of the court was delivered, July 2d 1873, by

MERCUR, J.—Two views are presented by the evidence in this case. The one claimed by the defendant in error, that he made the bargain with the Pennsylvania Railroad Company for the sale and conveyance of his property, and his arrangement with the plaintiff was merely to pay him, out of the proceeds, the sum which he owed him ; but that the plaintiff received and retained more

[Bergner *v.* Thompson.]

than that sum. The other, claimed by the plaintiff that he was to have all the property sold for, exceeding the sum of $13,000, in satisfaction of his demands against the defendant; so that he was entitled to take and retain the same whether it was more or less than the defendant's existing indebtedness to him.

The learned judge appears to have substantially accepted the defendant's view of the case, and practically to have withdrawn all the plaintiff's evidence from the consideration of the jury. In this we think he erred.

The evidence given by the plaintiff was clearly sufficient to have been submitted to the jury. The defendant testified : " Herr was my counsel; I can scarcely tell what I did say; I got Haines to help arrange the business." Again he said : " I do not know through whom the arrangement was made."

Haines testified : " Thompson said he was in trouble ; Bergner had issued executions against him; said Herr was his attorney; said he wished me to help to get this fixed up; Herr spoke of arrangements through Bergner; we went to Bergner." Herr testified : " I was acting as attorney for Thompson; Haines often came as Thompson's friend; don't know if an agent or not; we went to see Bergner; Haines proposed to have this settled; said to Bergner, Will you give $13,000 for the hotel property, cancel the judgments and burn the books ? Bergner agreed to it; Thompson said he would make the deed to the Pennsylvania Railroad Company, not to Bergner; deed not then filled up; he said he wanted it made to the company, not to Bergner." Herr, upon being recalled, testified, " Thompson sold to the Pennsylvania Railroad Company; Bergner did not wish to buy, but concluded would sell to Pennsylvania Railroad Company; Bergner went to Philadelphia; my recollection is, Haines said, ' Will you give $13,000, cancel the judgments, and burn the books ?' The $13,000 distributed was among Thompson's creditors; the $13,000 was paid on the docket in addition to the $7000; we discovered a mortgage open on the property, due Nininger from some former owner; the company was then indemnified by bond.'

The defendant testified : " Haines came to have these difficulties settled; ' Will you, give $13,000, discharge all of your claims, and burn the books ?' I said I would do it; and to save additional expense, Thompson was to make a deed to the company for $20,000; I agreed to give them the title for $20,000; I agreed to give $13,000, cancel all claims, and burn the books; I effected the sale at $20,000; I had to wait for what was due to me; Hall attended to the conveyance; I had no further trouble; Nininger had a mortgage, $12,000 or $14,000, not discharged; Hall refused to counsel the sale till that was removed; I agreed to indemnify the company by a bond; Herr became my surety in double the amount

of the balance of the mortgage; I received my $7000 from the Pennsylvania Railroad Company, and the rest went to Thompson's creditors; judgments were satisfied, and books credited in full."

Here certainly is some evidence of authority given to Haines, as well as subsequent ratification of his acts. Whether it is sufficient under the whole evidence to establish the plaintiff's view of the case the jury should decide. Under proper instructions it should be submitted to them. The other assignment of error is not sustained.

Judgment reversed, and a venire facias de novo awarded.